UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2013-144

AMAR GUEYE                                              PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

GAP, INC., ET AL.                                      DEFENDANTS
_____

This is an action by Amar Gueye ("Plaintiff"), against Gap, Inc., Corvel Corp., and Safety National Casualty Corp., under Title VII for age, race, color, and national origin discrimination.

This matter is before the Court on Corvel Corp.'s motion to dismiss, (Doc. 11), and Safety National Casualty Corp.'s motion to dismiss, (Doc. 20).

Having reviewed the parties' briefs, the Court concludes that oral argument is unnecessary to the resolution of these motions. The Court therefore issues the following Memorandum Opinion and Order.

## FACTS

Plaintiff alleges he worked for GAP, INC., and was terminated on November 11, 2012. (Doc. 1 pp. 2-3). Plaintiff notified his boss Kelly Manning that his back, hands, chest, and muscles were in pain after lifting between 500 and 2000 boxes.

(Doc. 1 p. 2). Plaintiff was terminated the same day and was told that business was slow. (Doc. 1 p. 3). However, Plaintiff alleges that his facility was hiring warehouse workers (the department Plaintiff worked for), and that he was scheduled to work overtime for the rest of the week. (Doc. 1 p. 2-3).

Plaintiff alleges that after he filed his worker's compensation claim, Corvel Corp. and Safety National Casualty Corp. ("Defendants"), submitted a false injury date and other misleading information. The Defendants submitted this false and misleading information so they could reject Plaintiff's worker's compensation claim. Plaintiff's worker's compensation claim was voluntarily withdrawn from the Administrative Law Judge by the Plaintiff and never refiled. (Doc. 20-2).

## ANALYSIS

**A. Plaintiff fails to state a proper Title VII claim against Defendants (Corvel and Safety National).**

Plaintiff is acting *pro se* and as such, the Court liberally construes Plaintiff's complaint and filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"). Cf. Fed. R. Civ. P. 8(e).

However, Plaintiff fails to allege an employment

relationship between himself and Corvel Corp. or Safety National Casualty Corp.  This failure is fatal to his Title VII claim.  Further, Plaintiff alleges no discriminatory conduct by these Defendants, which is also fatal to his Title VII claim.

Plaintiff also appears, in his reply briefs, to allege a worker's compensation claim.  However, any such claim fails because Plaintiff did not exhaust his administrative remedies as required by Kentucky law.  *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471 (Ky. 2004) ("Usually, a party is required to exhaust available administrative remedies before seeking judicial relief."); KRS § 13B.140(2) ("A party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged, and within any other agency authorized to exercise administrative review.").  Because Plaintiff failed to exhaust his administrative remedies, he cannot properly state a worker's compensation claim.  (Doc. 20-2) (showing Plaintiff voluntarily withdrew his worker's compensation claim).

In Plaintiff's reply memorandum, Plaintiff appears to raise a Racketeer Influenced and Corrupt Organizations Act (RICO) claim against Defendants for allegedly falsifying facts in Plaintiff's worker's compensation claim.  However, such a claim cannot be maintained in the Sixth Circuit.  *Jackson v. Sedgwick*

*Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 566 (6th Cir. 2013) ("Accordingly, racketeering activity leading to a loss or diminution of benefits the plaintiff expects to receive under a workers' compensation scheme does not constitute an injury to "business or property" under RICO.").

Thus, Plaintiff's Title VII claim fails to allege Defendants were employers or took discriminatory action, Plaintiff's worker's compensation claim fails to allege an exhaustion of administrative remedies, and Plaintiff's RICO claim is not a claim upon which relief can be granted.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** (1) that Corvel Corporation's motion to dismiss (Doc. 11) be, and is hereby, **GRANTED;** (2) that Safety National Casualty Corporation's motion to dismiss (Doc. 20) be, and is hereby, **GRANTED**; and (3) Corvel Corporation and Safety National Casualty Corporation be, and are hereby, **DISMISSED** as parties.

This 14th day of January, 2014.



Signed By:
William O. Bertelsman WOB
United States District Judge